# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JANICE E. CUPP, an individual | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 06-CV-145-GKF-SAJ ) |
| EDWARD D. JONES & CO. L.P. d/b/a Edward Jones | ) ) ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

Comes on for determination Motions of Plaintiff[1], Janice E. Cupp, for Sanctions Under Fed. R. Civ. P. Rule 37(d) [Docket No. 31], and for Extension of Discovery [Docket No. 32]. The Court denies Plaintiff's Motion for Sanctions under 37(d). The Court, however, grants Plaintiff's Motion for Extension of Discovery for an additional 30 days for the sole purpose of taking Tom Whitehead's deposition should the Plaintiff so desire.

Upon being noticed of a deposition under Rule 30(b)(6), the corporation is obligated to designate and produce "one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf." Fed. R. Civ. P. Rule 30(b)(6). To fully satisfy the request, however, the corporation must sufficiently "prepare [the designee] so that [the

---

[1] In addition to the two motions decided by this opinion and order, there were three other motions at issue during the March 21, 2007 hearing before this Court. With respect to the three motions not discussed by this opinion and order, the Court decided as follows: (1) Plaintiff's Motion for Extension of Dispositive Motion Deadline [Docket No. 32] was denied, (2) Plaintiff's Motion to Compel [Docket No. 33] was declared moot pursuant to the announcement of the parties, and (3) Plaintiff's Motion to Submit Expert ID and Reports Out of Time [Docket No. 35] was withdrawn by Plaintiff. *See Minute Order*, Docket No. 52 (Mar. 21, 2007).

designee] may give complete, knowledgeable and binding answers on behalf of the corporation." *Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C. 1989). Nevertheless, a Rule 30(b)(6) designee's "failure or inability to testify fully is not . . . 'tantamount to a complete failure.'" *Berwind Property Group Inc. v. Environmental Management Group*, 233 F.R.D. 62, 65 (D. Mass. 2005) (quoting *United States v. Mass. Indus. Fin. Agency*, 162 F.R.D. 410, 412 (D.Mass 1995)).

In this case, the Plaintiff is seeking information through Defendant's Rule 30(b)(6) designee that can be only be obtained through Tom Whitehead. Mr. Whitehead is a former employee that was terminated by the Defendant. The Plaintiff has directed the Court to some persuasive authority standing for the proposition that a corporation is obligated to consult with prior employees in order to satisfactorily prepare a Rule 30(b)(6) designee. *Berwind*, 233 F.R.D. at 65 (finding "it is defendant's responsibility to prepare is Rule 30(b)(6) designee to the extent matters are reasonable available, whether from documents, *past employees*, or other sources." *Id.* (internal quotations omitted); *United States v. J.M. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996) (holding that a corporation is not relieved "from preparing its Rule 30(b)(6) designee to the extent matters are reasonably available, whether from documents, past employees, or other sources." *Id.*)

In *Berwind* – a case cited by both the Plaintiff and Defendant – the court found that the corporation "apparently made no effort to obtain any information from [its former employee] for [the 30(b)(6) designee's] deposition and must therefore now make a good faith effort to find and/or make available [its former employee] for his deposition or, in the alternative, provide relevant documentary evidence." *Berwind*, 233 F.R.D. at 65. Upon a close reading of *Berwind*, it is evident that the corporation was not required to contact its

former employee in preparation of the Rule 30(b)(6) deposition.

Furthermore, the *Berwind* court found that the Rule 30(b)(6) designee "was less than appropriately knowledgeable and forthcoming" and that the corporation "should have done a better job preparing him for his deposition." *Id.* The designee "had not worked on the project at issue but had reviewed [corporate] files related to the transaction, consulted with inside and outside counsel . . . and answered most questions based on the best corporate information available to him." *Id.* The *Berwind* court held that there was "no bad faith on [the corporation's] part nor a wilful obstruction of the discovery process" and decided not to "order [the corporation] to produce another Rule 30(b)(6) deposition witness." *Id.*

The Court denies Plaintiff's Motion for Sanctions under Rule 37(d). The Defendant in this case neither displayed bad faith nor a wilful obstruction of the discovery process. The Court finds, however, that the 30(b)(6) designee was not fully prepared to address all of the issues noticed by the Plaintiff. The Court orders the Defendant to make a good faith effort to locate Mr. Whitehead so that the Plaintiff has an opportunity to depose Mr. Whitehead. Most of the inquiry Plaintiff desires relates to the mindset and thought processes of Mr. Whitehead. That inquiry would be more effective and efficient if directed to Mr. Whitehead rather than a current employee of Defendant.

The Court is not willing to find that the deposition of Whitehead will not lead to the discovery of admissible evidence and is not willing to support Defendant's argument to that effect. The Court grants Plaintiff's Motion for Extension of Discovery and will extend discovery for 30 days for the sole purpose of taking Mr. Whitehead's deposition if the Plaintiff so desires. The deposition of Mr. Whitehead will be taken at Plaintiff's expense.

IT IS THEREFORE ORDERED that the Motion of Plaintiff, Janice E. Cupp, for Sanctions Under Fed. R. Civ. P. Rule 37(d) [Docket No. 31] is hereby denied, and the Motion of Plaintiff, Janice E. Cupp, for Extension of Discovery [Docket No. 32] is hereby granted.

DONE THIS 29TH DAY OF MARCH, 2007.

Sam A. Joyner
United States Magistrate Judge